```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. CROIX

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
          v.                    :
                                :
JAMES A. AUFFENBERG, JR.,       :
et al.                          :      NO. 07-0047
```

MEMORANDUM

Bartle, C.J.                                         October 27, 2008

On September 30, 2008, a grand jury returned a Third Superseding Indictment against defendants: (1) James A. Auffenberg, Jr.; (2) Auffenberg Enterprises of Illinois, Inc.; (3) Peter G. Fagan; (4) James W. Ferguson, III; (5) J. David Jackson; (6) Kapok, Inc.; (7) Kapok Management, L.P.; (8) St. Clair I, LLC; and (9) St. Clair II Holding V.I., LLC. This indictment contains twenty-nine counts. In short, it alleges that defendants participated, to varying degrees, in "a scheme to defraud a legitimate United States Virgin Islands economic development program and to unlawfully evade taxes by engaging in financial transactions devoid of any economic substance (sham transactions) in order to create the illusion of a management consulting business earning income from services performed within the Virgin Islands ...." Third Superseding Indictment ¶ 1.

Before this court is the motion of defendant Peter G. Fagan ("Fagan"), to dismiss this indictment based on abuse of the grand jury process. Fagan requests in the alternative that we release grand jury materials to the defense for inspection. All

other defendants except for James Ferguson and David Jackson have joined in the motion.

I.

We need not restate the entire history of the case for purposes of this motion. Suffice it to say that in March, 2007, a grand jury in the Southern District of Illinois handed down an indictment against several defendants, including defendant Fagan. In July, 2007, the action was transferred to this court. Shortly after the transfer, in October, 2007, the government sought and obtained a Superseding Indictment from a grand jury in St. Croix. That grand jury issued a Second Superseding Indictment with no new charges and no new defendants in March, 2008. Finally, in October, 2008, the government obtained a Third Superseding Indictment containing five new counts against Fagan and others and omitting eleven counts dismissed by the court in August, 2008.

II.

Rule 6(e)(2)(B)(vi) of the Federal Rules of Criminal Procedure prohibits attorneys for the government from disclosing "matter[s] occurring before [a] grand jury."  A government attorney may, however, disclose such information to government personnel whom the attorney "considers necessary to assist in performing that attorney's duty to enforce federal criminal law." Fed. R. Crim. P. 6(e)(3)(A)(ii).  Once in possession of such information, these individuals are also subject to the

aforementioned duty of secrecy. Fed. R. Crim. P. 6(e)(2)(B)(vii).

Fagan's first allegation is that various federal agents in this case, while conducting interviews of potential witnesses, improperly disclosed that Kapok and its principals were the subjects of a grand jury investigation. The government concedes that certain agents did make such disclosures to potential witnesses. Nonetheless, it argues that the information disclosed did not constitute a "matter occurring before the grand jury" under Rule 6(e)(2). It also contends that whether or not the rule was violated, defendants suffered no prejudice from the disclosures and are therefore not entitled to relief.

Whether disclosure of the identity of the target of a grand jury investigation constitutes a breach of Rule 6(e) appears to be unsettled. Our Court of Appeals has explained that the "core" of Rule 6(e) "is an obligation on all persons who are present at grand jury proceedings not to disclose any matters disclosed at such proceedings." United States v. Smith, 123 F.3d 140, 148 (3d Cir. 1997). The government argues that the agents could not have breached the duty of secrecy as it was described in Smith because here, no evidence or testimony had even been presented to the grand jury at the time of the alleged disclosures.

We note that one of the main purposes behind the secrecy surrounding grand jury proceedings is to protect from unfavorable publicity individuals who ultimately are not

indicted.  See United States v. Sells Eng., Inc., 463 U.S. 418, 424 (1983); In re Am. Historical Ass'n, 62 F. Supp. 2d 1100, 1103 (S.D.N.Y. 1999).  Because defendants in this case have been indicted, that rationale carries little weight here.  For the reasons stated below, however, we conclude that whether or not a technical violation of Rule 6(e) occurred,[1] defendants are not entitled to relief because they have not demonstrated prejudice from the allegedly improper disclosures.

In Bank of Nova Scotia v. United States, the United States Supreme Court held that "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants."  487 U.S. 250, 260 (1988).  "The prejudicial inquiry must focus on whether any violations had an effect on the grand jury's decision to indict."  Id. at 263.  The indictment should be dismissed only "[i]f violations did substantially influence this decision, or if there is grave doubt that the decision to indict was free from such substantial influence ...."  Id.  Like Fagan, the defendants in Nova Scotia alleged a disclosure of the identity of a grand jury target.  The Supreme Court concluded that whether or not

---

1. Defendants suggest that IRS agents who assisted in this case may have violated a provision of the Internal Revenue Manual that prohibits IRS special agents conducting criminal tax investigations from making any "affirmative statement characterizing the investigation as being 'criminal' in nature ... except in those instances where this disclosure is necessary to obtain the information sought."  I.R.M. § 9.4.5.11.3.1.4.  We see no reason to address the issue of whether violations of the Manual occurred.

such disclosure constituted a violation of Rule 6(e)(2), the "alleged breach[] could not have affected the charging decision." 487 U.S. at 259-60. Consequently, the Court ruled that the defendants had not met the standard required for dismissal of the indictment.

The Nova Scotia case is clearly applicable. Fagan does not contend that the alleged revelations in any way compromised the integrity of the several grand jury votes to indict defendants on charges of tax fraud. Because Fagan's allegations fail to meet the level of prejudice required to dismiss the indictment, we will deny his motion to dismiss the indictment based on the statements made by government agents to potential witnesses.

Fagan next contends that the government did not comply with Rule 6(e)(3)(B), which requires a prosecutor "promptly [to] provide the district court" with the names of assisting government employees to whom grand jury information was disclosed pursuant to Rule 6(e)(3)(A)(ii). Fagan provides no support for his allegation that this rule was violated beyond "the many years of experience" of his counsel. We find this bare accusation insufficient to warrant a breach of the secrecy to which the materials at issue are entitled. As a result, we will not dismiss the indictment on this basis or grant the requested discovery.

Fagan also maintains that beginning in November, 2006 and possibly earlier, IRS Revenue Agents were improperly

permitted to attend witness interviews in this case and were thereby exposed to secret grand jury information in violation of Rule 6(e). Fagan directs us to In re Grand jury Subpoena (Four Cases), in which the Court of Appeals for the Fourth Circuit held that the government must maintain an "informational boundary" with respect to grand jury proceedings where the IRS engages in parallel avenues of criminal and civil investigation. 920 F.2d 235, 240 n.5 (4th Cir. 1990). The government responds that the disclosures to assisting IRS personnel did not violate Rule 6(e) because no parallel civil investigation exists in this case.

We agree with the position taken by the government. "The Rule 6(e) proscription is on the use of the grand jury material and not on who obtains it." United States v. Kilpatrick, 821 F.2d 1456, 1471 (10th Cir. 1987) (citing United States v. Sells Engineering Inc., 463 U.S. 418, 428 (1983); United States v. Baggot, 463 U.S. 476, 480 (1983)). In Kilpatrick, the Court of Appeals for the Tenth Circuit found that disclosures of the sort at issue here to IRS agents did not violate Rule 6(e) because the grand jury process "was not abused to obtain evidence for civil purposes." Id. As in Kilpatrick, the federal prosecutors here disclosed grand jury matters to IRS Revenue Agents only to obtain assistance in the criminal investigation. Accordingly, we will deny Fagan's motion to dismiss the indictment in this respect.

Fagan argues in addition that the government misused grand jury subpoenas in various ways, including by issuing

subpoenas to several witnesses who were questioned by government agents but who ultimately did not testify before the grand jury. We find that these instances fall well within the leeway traditionally accorded to a government attorney "in attempting to prepare for a grand jury investigation." United States v. Elliott, 849 F.2d 554, 556 (11th Cir. 1988).  Moreover, defendants have not shown that any alleged violation resulted in the degree of prejudice required to dismiss the Indictment.  See United States v. Martino, 825 F.2d 754, 759 (3d Cir. 1987).

### III.

Separate from his allegations of improper disclosures, Fagan contends that the government misused testimonial summaries before the grand jury.  We note initially that the use of hearsay evidence is generally permitted in grand jury proceedings.  See Costello v. United States, 350 U.S. 359, 363 (1956).  Our Court of Appeals has explained that an indictment based on hearsay must be dismissed only where:

> (1) non-hearsay evidence is readily available; (2) the grand jury is misled into believing it was hearing direct testimony rather than hearsay; and (3) there is high probability that had the grand jury heard the eye witness it would not have indicted.

United States v. Wander, 601 F.2d 1251, 1260 (3d Cir. 1979) (quoting United States v. Cruz, 478 F.2d 408, 410 (5th Cir. 1975)).  Moreover, the United States Supreme Court has held that even presentation of misleading and inaccurate summaries does not

entitle a defendant to relief in the absence of knowing prosecutorial misconduct. See Nova Scotia, 487 U.S. at 261-62.

We have reviewed *in camera* the contents of the government's presentations to the grand jury sitting in St. Croix that issued the superseding indictments in this case. The evidence included summary presentations of live testimony given before the grand jury in the Southern District of Illinois that issued the original indictment. Transcripts of the actual testimony were made available for inspection by the grand jury but were not read into the record. The government also presented the grand jury with binders containing hundreds of exhibits, such as financial records, correspondence, and documents filed by defendants with the government.

Despite the substantial use of summaries in obtaining these superseding indictments, there is no indication that the government misled the grand juries with respect to the verbatim testimony previously presented. Nor is there anything before us to show that the grand juries would not have issued the indictments had the witnesses testified in person on every occasion. Accordingly, we will deny Fagan's motion to dismiss the indictment on this basis.

IV.

As noted above, Fagan requests disclosure of grand jury materials to the defense for inspection in the event that we decline to dismiss the indictment. "The decision to permit disclosure is within the discretion of the trial court judge who

must assess whether the need for disclosure overbalances the requirements of secrecy." United States v. Mahoney, 495 F. Supp. 1270, 1272 (E.D. Pa. 1980).  In United States v. Proctor & Gamble Co., the United States Supreme Court held that grand jury secrecy "must not be broken except where there is a compelling necessity."  356 U.S. 677, 682 (1958).  "The burden is on the party seeking disclosure to show a particularized need for that disclosure."  Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979).  Where, as here, however, "the grand jury has completed its work ... the burden on the movant to show a particularized need is also lessened."  Mahoney, 495 F. Supp. at 1273 (citing Douglas Oil, 441 U.S. at 222).

We have already granted a previous motion in this case for *in camera* review of the grand jury materials at issue.  Fagan demonstrates no particularized need for disclosure of the grand jury materials beyond what we have already ordered, and our *in camera* review has revealed no additional support for his request.  We will deny his motion to dismiss insofar as he seeks disclosure to the defense of the grand jury materials.

V.

To the extent that Fagan raises other challenges to the indictments in his motion, we find them meritless.  In conclusion, we will deny Fagan's motion to dismiss the indictment or in the alternative to compel disclosure of additional grand jury materials.